**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERBERT CARL HEINTZ,<br><br>Petitioner-Appellant,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>Respondent-Appellee. | No. 12-72620<br><br>Tax Ct. No. 2769-11L<br><br>MEMORANDUM* |

Appeal from a Decision of the
United States Tax Court

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Herbert Carl Heintz appeals from the Tax Court's summary judgment

permitting the Internal Revenue Service ("IRS") to collect unpaid trust fund

recovery penalties under 26 U.S.C. § 6672 on taxes withheld from employees'

paychecks.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review de

---

  \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  \*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, *Sollberger v. Comm'r*, 691 F.3d 1119, 1123 (9th Cir. 2012), and we affirm.

The Tax Court properly sustained the collection action because Heintz failed to raise any permissible issues or defenses at the collection due process ("CDP") hearing, and the Tax Court properly concluded that Heintz could not challenge the existence or amount of the underlying tax liability at the CDP hearing because Heintz had a prior opportunity to dispute that liability and did not exercise it. *See* 26 U.S.C. § 6330(c)(2) (listing issues that may be considered at the CDP hearing); § 6330(c)(2)(B) (taxpayer may raise at the CDP hearing challenges to the existence or amount of the underlying tax liability only if he or she did not receive a notice of deficiency or otherwise have an opportunity to dispute such tax liability); § 6330(d) (the Tax Court's jurisdiction is limited to the issues properly raised at the CDP hearing); *see also Boynton v. United States*, 566 F.2d 50, 53 (9th Cir. 1977) (imposition of penalties under § 6672 does not require a notice of deficiency).

We reject as without merit Heintz's contentions that the IRS lacked a reasonable basis to deny him an extension of time to appeal the underlying liability, and that precluding Heintz from challenging his liability for the trust fund recovery penalties at the CDP hearing violated his due process rights.

**AFFIRMED.**

12-72620